UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRENDA BOBBITT, an individual

        Plaintiff,

v.                                                             Case No: 2:13-cv-660-FtM-29DNF

COUNTRYWIDE BANK, FSB, FEDERAL NATIONAL MORTGAGE ASSOCIATION, as Trustee for Securitized Trust Fannie Mae Remic Trust 2008-29, FEDERAL NATIONAL MORTGAGE ASSOCIATION, UNKNOWN DEPOSITOR, BANK OF AMERICA, NA, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, and DOES 1-100, inclusive,

        Defendants.

**ORDER**

This matter comes before the Court on plaintiff's Complaint for TRO, Injunction and for Declaratory Relief (Doc. #2) filed on September 13, 2013.  *Pro se* plaintiff seeks a temporary restraining order to maintain the status quo as her home is due to be sold "within the next week" and plaintiff is subject to eviction actions.  Plaintiff also seeks a preliminary injunction and Declaratory relief.

**I.**

The Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida authorize a court to issue a temporary restraining order without written or oral notice to the adverse party under certain circumstances. Fed. R. Civ. P. 65(b); M.D. Fla. R. 4.05. A temporary restraining order may enter without notice only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). A temporary restraining order will be issued only if plaintiff demonstrates: (1) the likelihood of success on the merits of the claim; (2) the irreparable nature of the threatened injury and the reason that notice cannot be given; (3) the potential harm that might be caused to the opposing parties or others if the order is issued; and (4) the public interest at stake, if any. See M.D. Fla. R. 4.05(b)(4); see also Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

Similarly, issuance of a preliminary injunction is a "drastic remedy" and should not be granted unless the following

four prerequisites are established: (1) a substantial likelihood of succeeding on the merits; (2) a substantial threat of irreparable injury if relief is denied; (3) an injury that outweighs the opponent's potential injury if relief is granted; and (4) an injunction would not harm or do a disservice to the public interest. <u>Cafe 207, Inc. v. St. Johns County</u>, 989 F.2d 1136, 1137 (11th Cir. 1993). The burden of persuasion for each of the four requirements is upon the movant. <u>Siegel v. LePore</u>, 234 F.3d 1163, 1176 (11th Cir. 2000)(en banc).

**II.**

The Complaint (Doc. #1) provides that plaintiff entered into a consumer credit transaction in 2008 with Countrywide to obtain a mortgage loan secured by her principal residence at 1504 Edward Avenue, Lehigh Acres, Florida 33972. (<u>Id.</u>, ¶¶ 8, 29.) The loan was securitized, sold, transferred, and bundled into a trust amounting to $1,361,771,308.00. Plaintiff believes that the mortgage was not properly assigned and transferred rendering it void, that no documents or records can be produced to show that a valid assignment to Fannie Mae took place. (<u>Id.</u>, ¶¶ 25, 30, 34-35, 39; Doc. #1-2.)

Plaintiff alleges that the original transaction with Countrywide was a fraudulent loan in that it was underwritten without due diligence, without verification of her income, and with an invalid index to determine the interest. Plaintiff

alleges that Countrywide should have known that she could not qualify for, or afford the loan, and Countrywide sold her deceptive loan product. (Id., ¶¶ 51, 52.)

Attached to the Complaint is a an Affidavit of Chad D. Elrod (Doc. #1-1) of the State of Florida providing an opinion with regard to real property located in Round Rock, Texas discussing the application of Florida law and the failure to record in Lee County.  Also attached is the Affidavit of Facts (Doc. #1-2) from Michael Carrigan, of the State of California. Mr. Carrigan provided a Property Securitization Analysis Report for plaintiff.  Mr. Carrigan states that he researched the Bloomberg online Database with regard to 1504 Edward Avenue, Lehigh Acres, Florida 33972.  Plaintiff informed him that she signed a Promissory Note in favor of Countrywide Bank, FSB. With this information, Mr. Carrigan determined that the loan was not identified in any publically reporting trust.  He further states that the original amount of a loan claimed by Fannie Mae was $295,000, and the loan may have been securitized because the mortgage and note were separated.

## III.

Plaintiff states that defendants intend to sell her property located at 1504 Edward Avenue Lehigh Acres, Florida, and defendants have given notice of the sale.  Plaintiff argues that the securitization process and improper assignment of her

loan should prevent defendants from transferring ownership or encumbering her property.

As a preliminary matter, although the motion is verified, the Complaint is not verified and plaintiff does not certify that efforts were taken to give notice or that notice should not be provided to defendants. Plaintiff states that her property is to be sold but does not identify a pending foreclosure action, or provide any documentation as to a pending sale, or state that she cannot obtain relief through the foreclosure process, if pending. As currently pled, the Court does not find that plaintiff has a likelihood of success on the merits. Plaintiff has not specifically identified the irreparable harm, and the absence of notice may interfere with ongoing state proceedings with regard to the property.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Complaint for TRO, Injunction and for Declaratory Relief (Doc. #2) is **DENIED** in its entirety.

**DONE and ORDERED** at Fort Myers, Florida, this   17th   day of September, 2013.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:  Parties of Record